IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ATTICUS W.,[1]

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2]

Defendant.

Case No. 3:20-cv-01542-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Atticus W. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for child's insurance benefits and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The only issue currently in dispute is whether the Court should remand this case for further

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. While this case includes a claim for child's insurance benefits, Plaintiff is currently over the age of eighteen, therefore her name is not redacted.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is named as the defendant in place of "Commissioner Social Security Administration." *See* FED. R. CIV. P. 25(d)(1).

proceedings or an award of benefits. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 405(g), and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the Court grants in part the Commissioner's motion to remand, and remands this case for an award of benefits.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Plaintiff was born in December 1999, making her seventeen years old on November 30, 2017, her amended alleged disability onset date. (Tr. 13, 39, 203.) Plaintiff did not graduate from

high school and has no past relevant work experience. (Tr. 40, 28, 207.) In her application, Plaintiff alleged disability due to a sleep disorder, anxiety, depression, autism, attention deficit hyperactivity disorder ("ADHD"), and childhood psychosis. (Tr. 207.)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on September 28, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 130.) Plaintiff and a vocational expert ("VE") appeared and testified at an administrative hearing held on August 19, 2019. (Tr. 34-53.) On October 2, 2019, the ALJ issued a written decision denying Plaintiff's application. (Tr. 13-29.) On July 1, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff now seeks judicial review of the ALJ's decision.

## II. THE SEQUENTIAL PROCESS

Plaintiff turned eighteen between the time she first filed for SSI and the date of the ALJ's decision. Accordingly, the ALJ evaluated Plaintiff's claim under both the three-step sequential evaluation process required to determine whether an individual under the age of eighteen is disabled, 20 C.F.R. § 416.924(a), and the five-step sequential evaluation process required to determine whether an individual over eighteen is disabled, 20 C.F.R. § 416.920(a). *See* 20 C.F.R. § 416.924(f).

### A. Determining Disability in Minors

A minor claimant is considered disabled if he or she has "a medically determinable physical or mental impairment or combination of impairments that causes marked or severe functional limitations, and that can be expected to cause death or that has lasted or can last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Regulations promulgated by the Commissioner establish a three-step sequential evaluation process to determine whether a

child is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.924(a). Those steps are: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe; and, if the claimant has a severe impairment, (3) whether the claimant has an impairment that meets, medically equals, or functionally equals a listed impairment. *Id.*

An impairment functionally equals a listed impairment if the child has marked limitations in two areas of functioning or an extreme limitation in one area. *See* 20 C.F.R. § 416.926a(a). The six areas of functioning, or domains, are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1).

**B. Determining Disability in Adults**

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954.

## III. THE ALJ'S DECISION

### A. Plaintiff's Disability as a Minor

The ALJ applied the three-step sequential evaluation process to determine if Plaintiff was disabled before the age of eighteen. (*See* Tr. 18-26.)

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the November 30, 2017, onset date. (Tr. 18.) At step two, the ALJ determined that, before attaining the age of eighteen, Plaintiff had the following severe impairments: "autism spectrum disorder/pervasive development disorder; major depressive disorder; generalized anxiety disorder; and [ADHD]." (*Id.*) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 19.) The ALJ then concluded that Plaintiff's impairments did not functionally equal a listed impairment. (*Id.*) Specifically, the ALJ found a less than marked limitation in acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitation in moving or manipulating objects, ability to care for herself, and health and well-being. (Tr. 20-24.)

///

### B. Plaintiff's Disability as an Adult

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff was disabled as of December 2017, when Plaintiff attained the age of eighteen. (Tr. 25-29.)

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 30, 2017, her alleged disability onset date. (Tr. 18.) At step two, the ALJ determined that Plaintiff continued to suffer from the severe impairments previously identified, and that Plaintiff had not acquired any new severe impairments. (Tr. 25.) At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.*) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff can do simple, routine, repetitive tasks with no public contact and occasional superficial contact with a small group of coworkers. (Tr. 26.) At step four, the ALJ concluded that Plaintiff did not have any past relevant work. (Tr. 28.) At step five, the ALJ determined that Plaintiff was not disabled because there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including work as a table worker, cleaner II, and production line solderer. (Tr. 29; *see also* Tr. 50-51.)

## DISCUSSION

The Commissioner concedes that the ALJ erred here, and therefore the only issue currently in dispute is whether the Court should remand for further proceedings or an award of benefits. As explained below, the Court remands for an award of benefits because Plaintiff satisfies the credit-as-true standard and the Court does not have serious doubt about whether Plaintiff is disabled.

///

///

## I. APPLICABLE LAW

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is met if the following conditions are satisfied: (1) "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion," (2) "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," and (3) "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Id.* at 1020 (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

## II. ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to find that Plaintiff functionally equaled the listings before the age of eighteen; (2) rejecting the opinions of Plaintiff's longtime counselor, Melissa Monroe ("Monroe"); and (3) failing fully to account for the opinions of the state agency non-examining psychologist, Dr. Bill Hennings ("Dr. Hennings"). (Pl.'s Opening Br. at 1.)

///

### A. Part One of Credit-as-True Standard

#### 1. Assignments of Error One and Three

"The Commissioner acknowledges that the first element [of the credit-as-true standard] is satisfied because the ALJ inadequately analyzed Dr. Hennings' opinion and whether Plaintiff functionally equaled the listings." (Def.'s Br. & Mot. Remand at 4.)

#### 2. Assignment of Error Two: Monroe's Opinion

The Commissioner did not respond to Plaintiff's argument that the ALJ erred by discounting Monroe's opinion. The Commissioner addressed Monroe's opinion only in support of its argument that "[Monroe] and Dr. Hennings offered different opinions about the extent of Plaintiff's limitations," and that this apparent inconsistency creates a "factual dispute that precludes this Court from making a finding of disability." *Id*. at 4-5 (citing *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)). The Court disagrees.

##### a. Applicable Law

Plaintiff filed her application in November 2017. "For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. 416.920c governs how an ALJ must evaluate medical opinion evidence." *Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) (citation omitted); *see also Linda F. v. Saul*, No. 20-cv-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020) ("Because [the] plaintiff filed her applications after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence.").

Under the new regulations, the Commissioner will "no longer give any specific evidentiary weight," let alone controlling weight, "to any medical opinion." *See Allen O. v. Comm'r of Soc. Sec.*, No. 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (simplified), *appeal filed* No. 21-350006 (9th Cir. Jan. 4, 2021). Instead, as this Court recently explained, "the ALJ considers all medical opinions and evaluates their persuasiveness based on

supportability, consistency, relationship with the claimant, specialization, and 'other factors.'" *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021) (simplified).

"The new regulations require ALJs to articulate how persuasive they find all of the medical opinions and explain how they considered the supportability and consistency factors." *Id.* (simplified). At a minimum, "this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Id.* (quoting *Linda F.*, 2020 WL 6544628, at *2). Accordingly, "the more relevant the objective medical evidence and supporting explanations presented and the more consistent with evidence from other sources, the more persuasive a medical opinion or prior finding." *Id.* (quoting *Linda F.*, 2020 WL 6544628, at *2).

The ALJ may but is not required to explain how other factors were considered, including (1) the "relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination)," (2) "whether there is an examining relationship," (3) specialization, and (4) "other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Id.* The ALJ is, however, "required to explain 'how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical,'" and courts "must 'continue to consider whether the ALJ's analysis has the support of substantial evidence.'" *Id.* (citations omitted).

**b. Analysis**

Monroe is a licensed professional counselor who treated Plaintiff for approximately five years. (Pl's Opening Br. at 13-14.) Plaintiff argues that under the new regulations, the ALJ is required to give at least "specific and legitimate" reasons to reject Monroe's opinion. (*Id.*) (citing

*Bayless v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). The Commissioner does not address whether the ALJ erred by discounting Monroe's opinion.

The ALJ found that some of the limitations Monroe identified "are rather extreme and are not supported by the longitudinal medical evidence," citing two treatment records in 2017. (Tr. 20.) Those treatment records demonstrate that Plaintiff was improving during a period in late 2017. (*Id.*) However, the ALJ failed to address contradictory objective medical evidence in the record. (*See, e.g.*, Tr. 440, in January 2017, a record notes "some degree [of] anxiety or irritability always, easily set off by social interactions or perceived others intention as negative . . . [past] threats of violence to teacher, attacked a teacher . . . markedly decreased school performance markedly decreased social functioning; Tr. 759-60, a September 2018 record notes "sadness not like before," thoughts of death, increased depression, tears, cannot eat, more sleep problems; Tr. 769-71, an October 2018 record notes "poor ability to care for self, be compliant with medications, forgets to eat if not reminded").

Under both the old and new regulations, an ALJ errs by failing to address evidence in the record that is consistent with a medical opinion the ALJ discounts. *See, e.g.*, *Shirley C. v. Comm'r Soc. Sec. Admin*., No. 1:20-cv-01212-MK, 2021 WL 3008265, at *8 (D. Or. July 15, 2021) ("The Ninth Circuit has not yet addressed whether or how the new regulations alter the standards set forth in prior cases for discounting a medical opinion. The new regulations do not, however, displace the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion.") (citation omitted); *see also White v. Comm'r of Soc. Sec*., No. 1:20-CV-00588-JDG, 2021 WL 858662, at *20-21 (N.D. Ohio Mar. 8, 2021) (finding that the ALJ failed to explain why a physician's opinion was not persuasive despite evidence in

the record that supported and was consistent with the opinion, and relying on prior circuit precedent that "[i]f relevant evidence is not mentioned, the court cannot determine if it was discounted or merely overlooked"); *Kaehr v. Saul*, No. 3:19-CV-1171-PPS, 2021 WL 321450, at *2-4 (N.D. Ind. Feb. 1, 2021) (finding the ALJ "cherry-picked evidence, and thus didn't provide substantial evidence to support his conclusion," where the decision did not discuss the supportability of the physician's opinion nor consider the totality of the record in evaluating the opinion's consistency); *Audrey P. v. Saul*, No. 20-92MSM, 2021 WL 76751, at *9-10 (D.R.I. Jan. 8, 2021) (remanding for further proceedings where "dramatic example[s]" of "cherry-picking" led the ALJ to ignore a medical source's "overarching conclusion that Plaintiff suffered from significant and unresolved '[f]unctional difficulty includ[ing] standing, sitting, bending over and walking all 2/2 pain'").

For these reasons, the Court finds the reasons the ALJ cited for discounting Monroe's opinion are not supported by substantial evidence in the record.[3] *See Thompson v. Comm'r of Soc. Sec.*, No. 2:20-cv-3-KJN, 2021 WL 1907488, at *7 (E. D. Cal. May 12, 2021) (remanding where "the ALJ cherry-picked facts" and "failed to discuss significant objective medical evidence from other sources that is consistent with [the treating physician's] opinion"); *Buethe v. Comm'r of Soc. Sec.*, No. 2:20-cv-552-KHN, 2021 WL 1966202, at *6 (E.D. Cal. May 17, 2021) (same).

///

[3] The ALJ also stated that "Monroe's opinion is not as persuasive as Dr. Hennings' opinion, for the reasons discussed above." (Tr. 28.) However, it is unclear what reasons the ALJ intended to reference. *Cf. Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

In summary, the Commissioner acknowledges that the ALJ failed to provide legally sufficient reasons for discounting Dr. Hennings's opinion, and the Court further concludes that the ALJ failed to provide legally sufficient reasons for discounting Monroe's opinion. Thus, Plaintiff has satisfied the first prong of the credit-as-true standard.

**B. Part Two of Credit-as-True Standard**

The Court must next address whether the ALJ would be required to find Plaintiff disabled if the improperly discredited evidence were credited as true. *See Garrison*, 759 F.3d at 1020.

Monroe's improperly discounted opinion reflects that Plaintiff would be off task for twenty percent of the workday and would miss two or more days of work per month. (Tr. 922.) Based on the VE's testimony, if this evidence were credited as true, Plaintiff could not sustain full-time work. (*See* Tr. 50-51, reflecting that the VE testified that a hypothetical worker off task twenty percent of the day is "beyond what employers are currently tolerating" and that were a person to miss two days of work per month, that person would "most likely not" maintain employment in the long-term). Plaintiff has therefore satisfied part two of the credit-as-true standard.

**C. Part Three of Credit-as-True Standard**

The third and final part of the credit-as-true standard asks whether the record has been fully developed and whether further administrative proceedings would serve a useful purpose. *See Garrison*, 759 F.3d at 1020. The Commissioner argues that the third part of the credit-as-true standard is not met here because there are gaps and ambiguities in the record, and as such, further development of the record is necessary. (Def.'s Br. & Mot. Remand at 4-5.) The Court disagrees.

The Commissioner requests remand to "reevaluate the medical opinion evidence and prior administrative findings, and reassess whether Plaintiff functionally equals a listing[.]"

(Def.'s Br. & Mot. Remand at 2.) The Commissioner's request for reevaluation of medical opinion evidence is the "heads we win; tails, let's play again" scenario that the Ninth Circuit instructs district courts to avoid. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Garrison*, 759 F.3d at 1021 ("Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the [third] part of credit-as-true analysis."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that [the claimant] is not credible any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings to establish his credibility."). The Commissioner has not identified a useful purpose that further proceedings would serve, and therefore the Court finds that Plaintiff has satisfied the third part of the credit-as-true standard and remand for an immediate award of benefits is warranted here.

**D. Serious Doubt**

Finally, the Commissioner argues that the Court should remand for further proceedings because the record creates serious doubt about whether Plaintiff is disabled. *See generally Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (explaining that even if the credit-as-true standard is met, the court "may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled'" (quoting *Garrison*, 759 F.3d at 1021)). The Court disagrees. The Commissioner has failed to point to any evidence that creates serious doubt about whether Plaintiff is disabled. Accordingly, the Court

remands for an award of benefits. *See Newton v. Saul*, 839 F. App'x 178, 179 (9th Cir. 2021) (reversing district court's decision remanding for further proceedings and instead remanding for an award of benefits where the "the record is complete [and] no legally sufficient evidence casts doubt on [the claimant's] disability"); *Varela v. Saul*, 827 F. App'x 713, 714 (9th Cir. 2020) (reversing district court opinion remanding for further proceedings and instead remanding with instructions to "remand to the Commissioner of Social Security for an award of benefits" where "crediting [the treating physician's] opinion as true, there is no doubt that [the claimant] was disabled"); *Weirick v. Saul*, 825 F. App'x 446, 450 (9th Cir. 2020) (reversing district court opinion affirming the denial of benefits and instead remanding "with instructions to remand to the ALJ for calculation and award of benefits" where "the vocational expert's testimony establishes that if the improperly discredited opinions of the treating physicians were credited as true, there would be no jobs in the national economy that she could perform and 'the ALJ would be required to find the claimant disabled on remand'" (citing *Garrison*, 759 F.3d at 1020)); *Smith v. Saul*, 820 F. App'x 582, 586 (9th Cir. 2020) (reversing district court opinion affirming the denial of benefits and instead remanding "with instructions to remand to the ALJ for calculation and award of benefits" where "[t]he vocational expert concluded that an individual with [the claimant's] limitations, as described in the improperly discredited testimony of [the treating psychologist], the lay witnesses, and [the claimant], would be unable to perform competitive employment").

///

///

///

///

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART the Commissioner's motion to remand (ECF No. 13), and REMANDS this case for an immediate award of benefits.[4]

**IT IS SO ORDERED.**

DATED this 3rd day of November, 2021.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

[4] In light of the Court's conclusion that Plaintiff was disabled upon turning eighteen under the adult disability standards and because Plaintiff's disability onset date is one day before her eighteenth birthday, the Court does not reach the question of whether Plaintiff was disabled prior to attaining age eighteen.